UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:22 cr 13 SDM - AAS

v.

AKINOLA TAYLOR,
    a/k/a aaree176

18 U.S.C. § 1349
18 U.S.C. § 287
18 U.S.C. § 641
18 U.S.C. § 1028A

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Conspiracy to commit wire fraud)**

A. **Introduction**

At times material to this Indictment:

1.    AKINOLA TAYLOR, a/k/a aaree176, residing in the United Kingdom, played multiple roles in the conspiracy including obtaining unauthorized access to U.S. businesses' computer servers; participating in stealing from those servers the personally identifying information ("PII") of U.S. residents; using that information to file false and fraudulent Department of the Treasury–Internal Revenue Service Form 1040, U.S. Individual Income Tax Returns ("Form(s) 1040") seeking income tax refunds with the Internal Revenue Service ("IRS"); and communicating with other conspirators.

2.    Other conspirators collected fraud proceeds directed to prepaid debit cards in their possession or to bank accounts they controlled or to which they had

access; transferred a share of the fraud proceeds to conspirator TAYLOR and other conspirators; and communicated and coordinated with one another and other conspirators.

**Definitions**

3.      A "server" was a computer that provided services for other computers connected to it via a computer network—i.e., a set of computers connected together locally for the purpose of sharing resources—or the internet. Servers could be physically located and accessed anywhere with a network or internet connection. A server could have been a physical or virtual machine. A physical server was a piece of computer hardware configured as a server. Multiple virtual servers could be located on a single physical server, but each virtual server's data would be segregated from the data of the other virtual servers.

4.      An "internet protocol address" or "IP address" was a unique identifier assigned to every computer on the internet or a local network, much like a phone number. An IP address could at times be used to identify the location of the computer connected to the internet.

5.      Remote Desktop Protocol ("RDP") allowed a user to connect to another computer over a network and remotely control the computer. Using RDP, an employee could remotely access his employer's computer and network from the employee's home or other location. However, a cybercriminal who, without authorization, obtained the necessary access information could also use RDP to compromise and remotely control a victim's computer and network.

6.      The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States, including the ascertainment, computation, assessment, and collection of federal income taxes. A Form 1040 was used by the IRS to administer United States tax laws.

7.      A "means of identification" was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including a name, social security number, date of birth, account number, prepaid debit card number, and credentials (e.g., a username and password).

8.      A "prepaid debit card" was a card linked to an account at a financial institution, which could be used to receive deposits electronically, like a traditional bank account, and to make purchases and cash withdrawals with funds in the account, like a traditional debit card. Prepaid debit cards were accepted at locations that accepted traditional credit cards and at ATMs. Individuals filing Forms 1040 could choose to have tax refunds loaded onto prepaid debit cards. Prepaid debit cards were issued by financial institutions, the activities of which affected interstate and foreign commerce.

9.      Each prepaid debit card account had a unique account number issued to it. Each prepaid debit card account also had a card validation value ("CVV") assigned to it. The CVV was a three or four-digit code embossed or imprinted on the prepaid debit card.

### B.   The Conspiracy

10.   Beginning on an unknown date, but from as early as in or around January 2017, and continuing through at least in or around fall 2019, in the Middle District of Florida and elsewhere, the defendant,

AKINOLA TAYLOR,
a/k/a aaree176,

did knowingly and willfully combine, conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C.   Manner and Means of the Conspiracy

11.   The manner and means by which the defendant and others sought to accomplish the object of the conspiracy included, among others, the following:

a.   It was a part of the conspiracy that the conspirators would and did obtain unauthorized access to servers, often belonging to businesses, including accounting firms.

b.   It was further a part of the conspiracy that, after obtaining unauthorized access to the servers, the conspirators would and did steal third parties' PII without those third parties' knowledge or permission. Those individuals were often clients of the businesses whose server(s) had been compromised.

c.   It was further a part of the conspiracy that the conspirators would and did obtain prepaid debit cards.

4

d.      It was further a part of the conspiracy that the conspirators would and did open bank accounts, often in the names of third parties.

e.      It was further a part of the conspiracy that the conspirators would and did electronically file and cause to be filed false and fraudulent Forms 1040 using the PII of third parties without those third parties' knowledge or permission. These returns fraudulently sought refunds that the conspirators were not entitled to claim.

f.      It was further a part of the conspiracy that the conspirators would and did direct the fraud proceeds be paid:

      i.      onto prepaid debit cards held by U.S.-based conspirators; and

      ii.     into bank accounts that the conspirators opened and controlled.

g.      It was further a part of the conspiracy that the conspirators would and did communicate via email to share, among other information, credentials for compromised servers, stolen PII, information from fraudulent Forms 1040 filed with the IRS and the resulting refunds, information for fraudulently-opened bank accounts, prepaid debit card numbers, and bitcoin addresses.

h.      It was further a part of the conspiracy that the conspirators would and did maintain records of the above information and transactions.

i.      It was further a part of the conspiracy that the conspirators would and did convert the fraud proceeds to cash by, among other methods:

      i.      withdrawing cash from prepaid debit cards onto which fraud proceeds had been deposited or from bank accounts into which fraud proceeds had been deposited; and

        ii.      conducting purchases, including the purchase of money orders, at retail locations or online using the same debit cards.

      j.      It was further a part of the conspiracy that conspirators would and did use and cause to be used interstate and foreign wire communications;

      k.      It was further a part of the conspiracy that the conspirators would and did engage in multiple meetings, perform acts, and make statements to promote and achieve the object of the conspiracy and to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH FOUR
### (Filing false claims)

1.      The Grand Jury realleges and incorporates Part A (Introduction) of Count One of this Indictment as if fully set forth herein.

2.      On or about the date listed below in each count, in the Middle District of Florida and elsewhere, the defendant,

AKINOLA TAYLOR,
a/k/a aaree176,

knowingly and intentionally made and presented, and willfully caused to be presented, and aided and abetted others in the presentation, to a department and agency of the United States, that is, the United States Department of the Treasury and the IRS, an agency thereof, a claim for refund payment, knowing the claim to be

false, fictitious, and fraudulent with respect to material facts, by preparing and filing, and causing to be filed, a false, fictitious, and fraudulent Form 1040 in the name of the individual identified below:

| COUNT | DATE | VICTIM | REFUND REQUESTED |
|-------|------|--------|------------------|
| TWO | March 30, 2017 | C.N. | $9,551 |
| THREE | January 24, 2018 | T.S. | $6,126 |
| FOUR | April 12, 2018 | J.K. | $10,072 |

In violation of 18 U.S.C. §§ 287 and 2.

## COUNTS FIVE AND SIX
### (Theft of public money or property)

1.      The Grand Jury realleges and incorporates by reference Part A (Introduction) of Count One of this Indictment as if fully set forth herein.

2.      On or about the date listed below in each count, in the Middle District of Florida and elsewhere, the defendant,

AKINOLA TAYLOR,
a/k/a aaree176,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, and aided and abetted others to embezzle, steal, purloin, and convert to the their use, more than $1,000 of money and a thing of value of the United States and the United States Department of Treasury, a department and agency of the United States, that is, a tax refund issued in the amount and in the name of the individual identified below in each count, with the intent to deprive the

7

United States and the United States Department of Treasury of the use and benefit of

the money and thing of value:

| COUNT | DATE | VICTIM | REFUND REQUESTED |
|-------|------|--------|------------------|
| FIVE | January 22, 2018 | O.M. | $8,928 |
| SIX | March 27, 2018 | M.H. | $7,120 |

In violation of 18 U.S.C. §§ 641 and 2.

## COUNTS SEVEN AND EIGHT
### (Aggravated Identity Theft)

1.      The Grand Jury realleges and incorporates by reference Part A

(Introduction) of Count One of this Indictment as if fully set forth herein.

2.      On or about the date listed below in each count, in the Middle District

of Florida and elsewhere, the defendant,

AKINOLA TAYLOR,
a/k/a aaree176,

did knowingly transfer, possess, and use without lawful authority, and aided and

abetted others in the transfer, possession, and use without lawful authority, a means

of identification of another person listed by his or her initials below, during and in

relation to the felony offense of conspiracy to commit wire fraud, in violation of 18

U.S.C. § 1349, and theft of government funds, in violation of 18 U.S.C. § 641,

knowing that such means of identification belonged to an actual person:

8

| COUNT | DATE | MEANS OF IDENTIFICATION |
|:-----:|:----:|:-----------------------:|
| **SEVEN** | January 22, 2018 | Name, address, social security number, and date of birth of victim O.M. |
| **EIGHT** | March 27, 2018 | Name, address, social security number, and date of birth of victim M.H. |

In violation of 18 U.S.C. §§ 1028A and 2.

## FORFEITURE

1.    The allegations contained in Counts One, Five, and Six of this Indictment are incorporated by reference as if fully set forth herein for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).

2.    Upon conviction of a conspiracy of a violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, the defendant,

AKINOLA TAYLOR,
a/k/a aaree176,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.    Upon conviction of a violation of 18 U.S.C. § 641, the defendant,

AKINOLA TAYLOR,
a/k/a aaree176,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

4.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds the defendant obtained from the offenses.

5.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

A TRUE BILL,

Foreperson

ROGER B. HANDBERG
United States Attorney

By: Rachel K. Jones
Assistant United States Attorney

By: Rachelle DesVaux Bedke
Assistant United States Attorney
Acting Chief, Economic Crimes Section

11

FORM OBD-34
December 21

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

AKINOLA TAYLOR,
a/k/a aaree176

## INDICTMENT

Violations:   18 U.S.C. § 1349
18 U.S.C. §  287
18 U.S.C. §  641
18 U.S.C. § 1028A

A true bill.

███████████████████

Foreperson

Filed in open court this 4th day of January, 2022.

_____
Clerk

Bail $_____

GPO 863 525